Amy L. Bennecoff (AB0891)
Kimmel & Silverman, P.C
1930 E. Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Phone: (856) 429-8334
Facsimile (856) 216-7344
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DANIELLE RICHARDSON,** | |
| Plaintiff, | **Civil Action No.** |
| v. | **Jury Trial Demanded** |
| **NCS, INC.,** | |
| Defendant. | |

**COMPLAINT**

DANIELLE RICHARDSON ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCS, Inc. ("Defendant"):

**I. INTRODUCTION**

1. This is an action for damages brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

1

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## III. PARTIES

4. Plaintiff is a natural person who resides in Clifton, New Jersey.

5. Defendant is a corporation specializing in debt collection with its principal place of business located at 705 Douglas St. Suite 344, Sioux City, Iowa 51101.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

7. Defendant regularly conducts business in the State of New Jersey, therefore personal jurisdiction is established.

8. Defendant acted through agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

9. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff.

10. The alleged debt arose out transactions that were primarily for personal, family or household use, as Plaintiff has no business debt.

11. Throughout February 2013, Defendant's collectors, including "Ms. McKay" and "Michelle Thomas," among others, placed repeated harassing telephone calls to Plaintiff's home telephone in order to collect the alleged debt.

12. These calls originated from numbers including 877-895-2173. The undersigned has confirmed that this number belongs to Defendant.

13. During this time Defendant called Plaintiff, on average, at least two times daily.

14. During at least one such call, Defendant failed to state that the phone calls were being made in an effort to collect a debt.

15. Defendant also threatened to come to Plaintiff's place of work, to serve Plaintiff with legal service.

16. Throughout these calls, Defendant maintained that Plaintiff had committed fraud, and would face criminal penalties if she did not pay the full requested amount.

17. Plaintiff's spouse also received phone calls from Defendant, during which he was told that she would be prosecuted for criminal actions.

18. Further, Defendant failed to provide Plaintiff with information in writing regarding the underlying debt upon request, stating that the information was unavailable.

19. Frustrated by Defendant's repeated calls and failure to provide information, Plaintiff advised Defendant that she no longer wished to receive phone calls.

20. On February 22, 2013, Plaintiff retained her undersigned counsel who sent correspondence to Defendant indicating that Defendant should cease all further communications with Plaintiff and that Plaintiff was represented by counsel. Defendant received this correspondence on February 28, 2013. See Exhibit "A."

21. Despite Plaintiff's request, she continued to receive phone calls and voicemail messages from Defendant.

22. Once Defendant was told that the calls were unwanted, there was no lawful purpose or good faith reason to place these further calls.

23. Defendant took these actions described herein with the intent to harass and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANTS VIOLATED § 1692c(a)(2) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

24. Section 1692c(a)(2) prohibits a debt collector from communicating with the consumer at any time after the collector has received notice that the consumer has retained representation with respect to such debt.

25. Defendant violated §1692c(a)(2) of the FDCPA by calling Plaintiff, after the Defendant had received a letter of representation from Plaintiff's counsel..

## COUNT II
## DEFENDANTS VIOLATED § 1692c(c) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692c(c) prohibits a debt collector from communicating with the consumer after the consumer has notified the debt collector in writing that the consumer wishes the debt collector to cease further communication.

27. Defendant violated §1692c(a)(2) of the FDCPA by calling Plaintiff after receipt of a cease and desist letter.

## COUNT III
## DEFENDANT VIOLATED §§ 1692e and 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692e prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. Section 1692e(10) prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Defendant violated §§ 1692e and 1692e(2) when it failed to advise Plaintiff why it was calling, failed to provide information about the underlying debt upon Plaintiff's request, told her that she had committed fraud, could face criminal penalties, and when it engaged in other deceptive, false and misleading practices.

**COUNT IV**
**DEFENDANT VIOLATED § 1692e(4) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

31.   Section 1692e(4) prohibits debt collectors from stating through representation or implication that the nonpayment of any debt will result in the arrest or imprisonment of any person.

32.   Defendant violated § 1692e(4) when it stated that the consumer had committed fraud punishable by criminal penalties, and when it engaged in other deceptive, false and misleading practices.

**COUNT V**
**DEFENDANT VIOLATED § 1692e(7) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

33.   Section 1692e(7) prohibits debt collectors from stating through representation or implication that the consumer has committed a crime or other conduct in order to disgrace the consumer.

32.   Defendant violated § 1692e(7) when it stated that the consumer had committed fraud punishable by criminal penalties, and when it engaged in other deceptive, false and misleading practices.

## COUNT VI
## DEFENDANT VIOLATED § 1692e(11) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692e(11) requires a debt collector to disclose in its communications to the consumer that it is attempting to collect a debt, and that any information obtained will be used for that purpose.

34. Defendant violated §§ 1692e and 1692e(11) when it failed to advise Plaintiff that it was calling in order to collect a debt, failed to provide information about the underlying debt upon Plaintiff's request, and when it engaged in other deceptive, false and misleading practices.

## COUNT VII
## DEFENDANT VIOLATED §§ 1692f and 1692f(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35. Section 1692f prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

36. Defendant violated § 1692f when it failed to advise Plaintiff why it was calling, failed to provide information about the underlying debt upon Plaintiff's request, told her that she had committed fraud, could face criminal penalties, and placed continuous calls to her.

WHEREFORE, Plaintiff, DANIELLE RICHARDSON, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DANIELLE RICHARDSON, demands a jury trial in this case.

DATED:  01/23/2014						By: /s/ Amy L. Bennecoff
								Amy L. Bennecoff
								Attorney ID # AB 0891
								Kimmel & Silverman, P.C
								1930 E. Marlton Pike, Suite Q29
								Cherry Hill, New Jersey 08003
								Phone: (856) 429-8334
								Facsimile: (856) 216-7344
								Email: abennecoff@creditlaw.com